UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VICTOR KOSSOY, )<br>                            )<br>       Plaintiff     )<br>                            )<br>v.                          )     Civil No. 08-263-B-W<br>                            )<br>STATE OF MAINE, )<br>                            )<br>       Defendant  )| |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

      Victor Kossoy commenced this action against the State of Maine challenging the requirement that he comply with the Maine sex offender registration statute. Kossoy maintains that this law violates his rights under the United States Constitution. His actual complaint seeks only injunctive relief, although his supplemental motion for an injunction mentions compensation for duress.

      The State of Maine has filed a motion to dismiss that argues:

> Plaintiff has named and served only the State of Maine, and his suit appears to be seeking injunctive relief and money damages, perhaps. The suit fails to state a claim upon which relief can be granted. First, the State of Maine cannot be sued in federal court for injunctive relief in view of the Eleventh Amendment. See Seminole Tribe v. Florida, 517 U.S. 44 (1996); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997). The only served defendant is the State of Maine, and therefore this suit is barred by the Eleventh Amendment.
> Second, moreover, the State of Maine cannot be sued in federal court for money damages. See generally College Savings Band v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666 (1999); Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). To the extent there is a claim for money damages against the State, the only served defendant, that too is barred.

(Mot. Dismiss at 2.)

Kossoy has filed two responses to this motion. These rambling pleadings argue that while he recognizes that he cannot reach the state coffers through this lawsuit he can seek injunctive relief against the State and its officials forbidding them from enforcing an unconstitutional statute. He cites 42 U.S.C. § 1983 as his road to relief. He relies heavily on the ex post facto constitutional protection, both state and federal[1] (and mentions "all other rights"). In his second response Kossoy lists state officials in the caption and faults them for not responding to his interrogatories. He also indicates that there have been some falsifications of his DMV records and the use of grainy photographs in his 1988 criminal proceedings.

As it stands now Kossoy's complaint is still against only the State of Maine and only the State of Maine has been served. His last filing has listed the governor, attorney generals, Maine State Police defendants in the header and indicates they are "comers." The State understandably does not raise an argument as to why a suit against officials responsible for implementing the registration requirement would be barred by sovereign immunity principles. See Coeur d'Alene Tribe of Idaho, 521 U.S. at 276-77 ("Our precedents do teach us, nevertheless, that where prospective relief is sought against individual state officers in federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar."); Seminole Tribe of Florida, 517 U.S. at 73. ("[W]e often have found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law.' ") (quoting Green v. Mansour, 474 U.S. 65, 68 (1985)); see e.g., Doe v. Moore, 410 F.3d 1337 (11th Cir. 2005) (addressing challenge to a sex offender registration requirement, analyzing federal constitutional claims on the merits, recognizing sovereign immunity with respect to a

---

[1] The question of the ex post facto implications of the registration law has been addressed by the Maine Law Court but not fully resolved. See State v. Cosgro, 2008 ME 64, ¶ 2, 945 A.2d 1221, 1222; Doe v. District Attorney, 2007 ME 139,¶ 26, 932 A.2d 552, 560. On February 10, 2009, the Maine Law Court heard oral arguments in two cases challenging the statutory registration requirement on ex post facto grounds. State of Maine v. Eric Letalien, And-08-358, and State of Maine v. Anthony Laclair, Yor-08-477.

state law separation of powers argument); Akella v. Mich. Dept. of State Police, 67 F.Supp.2d 716, 721 -24 (E.D. Mich. 1999) ("Even assuming the applicability of Coeur d'Alene, this Court does not determine that it operates as a bar to the invocation of the Young fiction. While defendants assert 'special sovereignty' interests [with regards the sex offender registration requirement] such as 'regulation of the state's internal affairs,' 'compliance with legislative funding mandates,' and the decision to 'adopt state legislation required to meet federal funding mandates,' … the state has failed to assert how the relief sought is the 'functional equivalent' of relief that would be barred by the Eleventh Amendment. The relief sought, enjoining of enforcement of an unconstitutional statute, is relief this Court is clearly empowered to grant and not barred by the Eleventh Amendment.").

## Conclusion

As this now stands, the State of Maine is entitled to dismissal of this action as against the State itself, the only named defendant. Therefore I recommend that the Court grant the motion to dismiss while I acknowledge that the case does raise serious issues regarding the ex post facto nature of the state law that need to be addressed and ultimately will be addressed, apparently in the first instance, by the Maine Supreme Court.[2] This Court can offer no opinion on the issues at this juncture given the way Kossoy has chosen to present his case.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

---

[2] See supra footnote 1.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

            /s/ Margaret J. Kravchuk
            U.S. Magistrate Judge
February 18, 2009.