UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTOR KOSSOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF MAINE, )<br>)<br>Defendant. ) | CV-08-263-B-W |

**ORDER ON PLAINTIFF'S POST-JUDGMENT MOTIONS**

Applying Supreme Court precedent, the Court denies the Plaintiff's post-judgment motions.

## I.  STATEMENT OF FACTS

On August 8, 2008, Victor Kossoy, acting *pro se*, filed a complaint with this Court, seeking relief against the state of Maine. *Compl.* (Docket # 1).  In the complaint, Mr. Kossoy stated that on or about July 30, 2008, he received several pages from the Maine State Police, "requesting 'compliance' with the 'New & Revised' Maine State Title 34 A, MRSA, Chapter 15, Sects: 11201 – 11256."[1]  *Id.* ¶ 1.  Mr. Kossoy said that to comply with these documents would abrogate his inalienable rights protected by the United States Constitution, including the Bill of Rights.  *Id.* ¶ 2.  Further, he claimed that by enforcing the statute, the state of Maine, acting under color of law, was violating his civil rights.  *Id.* ¶ 4.  He requested "Immediate Relief, by the Issuance of an Injunction, against the enforcement of the Unconstitutional state law, described above."  *Id.* ¶ 6.

---

[1] Collectively, these statutory sections are commonly known as the Sex Offender Registration and Notification Act of 1999.  34-A M.R.S.A. § 11201.

On October 16, 2008, Mr. Kossoy filed a nine-page document styled a "Motion by the Plaintiff for Issuance of the Requested Injunction Relief; With Prayer for Court Cost Reimbursement; and an Indemnity Award for the Injury of Duress Inflicted." *Supplemental Compl.* (Docket # 2). In this pleading, he noted that the state of Maine had not responded to his complaint and he demanded a default judgment; he then reiterated his claim of unconstitutional actions by the state of Maine, and sought a "Federal Court Injunction" as well as compensatory and punitive damages. *Id.* ¶¶ 1-3, 10, 12.

Citing the familiar four-factor test for the issuance on an injunction, the state of Maine answered on November 12, 2008, asking that the motion for injunctive relief be denied because the Plaintiff had failed to demonstrate a probability of success on the merits. Specifically, the state posited three bases for denial: (1) that it had never been properly served with the original complaint; (2) that the state of Maine cannot be sued in federal court for injunctive relief in view of the Eleventh Amendment; and, (3) that with certain exceptions, the state of Maine cannot be sued in federal court for money damages and this case does not fit within the exceptions. *State Defs.' Mem. in Opp'n to "Mot. by the Pl. for Issuance of the Requested Injunction Requested"* (Docket # 4). On November 19, 2008, Mr. Kossoy replied to the State's response. *Pl.'s Resp. Mem. to State's Mem. of Nov. 12, 2008; in Opp'n to Injunctive Relief Request of Pl., in Oct. 16, 2008 Mot. for such Relief* (Docket # 5). Mr. Kossoy declaimed the four-factor test as "nothing but a sterile linguistic (legalistic) smoke screen, exploiting public fear & mistrust; and specifically designed to obscure, the outstanding rights issues, raised by the Plaintiff; instead magnifies the 'Fear-factor' interests; on behalf of public safety & security." *Id.* at 2.

On November 19, 2008, the Magistrate Judge issued an Order, terminating the Plaintiff's motion for injunctive relief. In the Order, she concluded that the motion for injunctive relief is

intended to supplement the Plaintiff's original complaint. *Order* (Docket # 6). She observed that the original complaint demanded injunctive relief and there had been no request for a preliminary injunction and none would be granted. *Id.* She denied Mr. Kossoy's demand to issue a default against the state of Maine and directed the Clerk to set an answer deadline for the State in view of the executed waiver of service of summons. *Id.*

On November 24, 2008, Mr. Kossoy appealed the Magistrate Judge's Order, arguing that he had not consented to her ruling and that the Order violated his right to procedural due process. *Pl.'s Mot. to District Court Judge, to Vacate Order of the Magistrate dated Nov. 19, 2008* (Docket # 7). On December 11, 2008, the state of Maine filed a memorandum in opposition to the Plaintiff's motion to vacate. *State Defs.' Mem. in Opp'n to "Pl.'s Mot. to District Court Judge, to Vacate Order of Magistrate Dated Nov. 19, 2008"* (Docket # 8). On December 18, 2008, the Plaintiff replied. *Pl.'s Mem. to Affirm Vacation of Magistrate's Order of Nov. 19, 2008, and To Disregard State's Opp'n to such Action As Stated in State's Mem. of Dec. 11, 2008* (Docket # 9). On January 7, 2009, the Court issued an Order denying the Plaintiff's motion to vacate the Magistrate Judge's Order. *Order on Pl.'s Mot. to District Court Judge* (Docket # 10).

Shortly after the January 7, 2009 Order, the state of Maine moved to dismiss the case on the ground that Mr. Kossoy's cause of action against the state of Maine demands injunctive relief, which is not available against the state, and money damages, which are also not available against the state. *State's Mot. to Dismiss* at 2 (Docket # 11). Mr. Kossoy filed both an initial and amended response. *Pl.'s Mot. to Disregard State's Mot. to Dismiss* (Docket # 12); *Pl.'s Am. Mot. to Deny State's Mot. to Dismiss of Jan. 9, 2009* (Docket # 13). On February 18, 2009, the Magistrate Judge issued a recommended decision in which she recommended that the Court grant the state's motion to dismiss. *Recommended Decision on Mot. to Dismiss* at 3 (Docket #

14).  On March 3, 2009, Mr. Kossoy objected.  *Pl.'s Qualified Obj. to Magistrate's "R & R" of Feb. 18, 2009* (Docket # 15).  On March 20, 2009, the state responded.  *State's Resp. to Obj. to Recommended Decision* (Docket # 16).  On March 24, 2009, the Court affirmed the Recommended Decision over the objection of the Plaintiff, and judgment was entered the same day.  *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 17); *J.* (Docket # 18).

On April 6, 2009, Mr. Kossoy filed a new pleading.  *Pl.'s Obj. to Court Ruling/Order to Dismiss Pl.'s Case Against Entity Presently Called State of Maine, Comprised of All Named, or yet Unnamed Defendants of The Case Incorporation; pursuant to F.R. Civ. P. Rule 46, and Rule 5.1(d) (No Forfeiture;) with Incorporated Mot. to Strike, pursuant to F.R. Civ. P. 12(f); and To Re-Open Access to ALL Procedural AND Substantive Rights of Due Process, pursuant to Amendments Five and XIV of the U.S. Constitution* (Docket # 19) (*Pl.'s Obj. and Mot. to Strike*).  On May 26, 2009, he filed another pleading.  *Pl.'s Mot. for Relief from J./Order, (And Court's Denial of Pl.'s Obj. to Same J./Order, of April 3, 2009;) as pursuant to F.R. Civ. P. Rules 60(a) thru (e)* (Docket # 20) (*Pl.'s Obj.*).  Finally, while these two new pleadings were pending, on June 19, 2009, Mr. Kossoy filed a notice of appeal of the Court's judgment of dismissal.[2]  *Notice of Appeal to a Court of Appeals from Judgment or Order of a District Judge* (Docket # 21).

## II.  DISCUSSION

---

[2] The procedural consequences of Mr. Kossoy's post-judgment activities merit a brief word.  Had Mr. Kossoy not filed his first post-judgment motion within ten days of judgment, his notice of appeal would have been untimely as it was filed almost three months after judgment.  Fed. R. App. P. 4(a)(1)(A).  However, his first post-judgment motion is properly viewed as a timely motion to alter or amend judgment under Rule 59, *Aybar v. Crispin-Reyes*, 118 F.3d 10, 14 n.3 (1st Cir. 1997), and by filing it, he postponed to today the running of the thirty days in which he may file a notice of appeal.  Fed. R. App. P. 4(a)(4)(iv).  Moreover, "[i]f a party files, as here, a notice of appeal after the entry of judgment but before the entry of orders disposing of timely motions to alter or amend a judgment, the notice of appeal becomes effective after the order disposing of those motions."  *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 67 (1st Cir. 2005) (citing Fed. R. App. P. 4(a)(4)(B)(i)).

Mr. Kossoy's April 6, 2009 objection and motion to strike can be characterized as a frontal assault against the dismissal of his cause of action, citing numerous provisions of the federal rules, multiple provisions of the United States Constitution, former Congressman Peter W. Rodino, and former Attorney General Ramsey Clark. *Pl.'s Obj. and Mot. to Strike*. His motion for relief from judgment runs in a similar vein, reaching back into history to cite examples of tyrannical rule ranging from "Mad King Geo." to Robespierre. *Pl.'s Obj.* The language in Mr. Kossoy's pleading leaves no doubt that he most strongly feels that a dismissal of his lawsuit against the state of Maine would work a serious injustice. The Court acknowledges that a layman such as Mr. Kossoy might find it difficult to understand why a citizen cannot file a lawsuit in federal court against a state demanding injunctive relief and money damages. But, the Magistrate Judge cites the cases of the United States Supreme Court that are binding on the lower courts and bar such lawsuits under the Eleventh Amendment to the Constitution. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999); *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997); *Seminole Tribe v. Florida*, 517 U.S. 44 (1996); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1991). This Court is mandated by the Constitution to apply Supreme Court precedent, Mr. Kossoy's heartfelt and vigorously expressed contentions notwithstanding.[3]

## III. CONCLUSION

The Court DENIES the Plaintiff's Objection to Court Ruling/Order to Dismiss Plaintiff's Case Against Entity Presently Called State of Maine, Comprised of All Named, or yet Unnamed

---

[3] As the Magistrate Judge pointed out in her recommended decision, the Supreme Court has recognized that the Eleventh Amendment does not bar certain suits seeking injunctive relief against state officials in their individual capacities. *See, e.g.*, *Coeur d'Alene Tribe*, 521 U.S. at 269 (citing *Ex Parte Young*, 209 U.S. 123 (1908)). She noted, however, that Mr. Kossoy was unable to take advantage of *Young* and its progeny because he had sued and served only the state of Maine. *Rec. Dec.* at 2-3. Mr. Kossoy's practice of listing on the cover of his filings several state officials as "Defendants" does nothing to change the fact that he did not sue these officials in their individual capacities.

Defendants of The Case Incorporation; pursuant to F.R. Civ. P. Rule 46, and Rule 5.1(d) (No Forfeiture;) with Incorporated Motion to Strike, pursuant to F.R. Civ. P. 12(f); and To Re-open Access to ALL Procedural AND Substantive Rights of Due Process, pursuant to Amendments Five and XIV of the U.S. Constitution (Docket # 19) and Plaintiff's Motion for Relief from Judgment/Order, (And Court's Denial of Plaintiff's Objection to Same Judgment/Order, of April 3, 2009;) as pursuant to F.R. Civ. P. Rule 60(a) thru (e) (Docket # 20).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2009